## THE HAWAIIAN GOVERNMENT *vs.* W. S. LUCE ; FRANK BROWN, Garnishee.

Appeal from Order of Judd, C.J.

Hearing, December 23, 1889.   Decision, January 9, 1890.

Judd, C.J., McCully, Preston, Bickerton, Dole, JJ.

The complaint of the "Hawaiian Government by Clarence W. Ashford, Attorney-General of the Kingdom," was signed "The Hawaiian Government by Clarence W. Ashford, Attorney-General, by A. P. Peterson, Plaintiff's Attorney." The complaint was sworn by A. P. Peterson, "As Attorney for and on behalf of the Plaintiff." On plea in abatement, the Attorney-General appeared.

Held, that the Act of 1888, To provide for the bringing of suits by or against the Hawaiian Government, was complied with, and that an Attorney could verify the complaint by oath in behalf of the Plaintiff, but he may be required to show his authority. The appearance of the Attorney-General in the case was an assurance that the suit was in fact instituted by the Government.

Plea held bad.

Opinion of the Court, by Dole, J.

The defendant pleaded in abatement of the action, that the complaint is not signed as required by law and is not the complaint of the Hawaiian Government, and that there is no warrant or authority of law ·for an action to be filed on behalf of the Hawaiian Government by an attorney other than the Attorney-General. The body of the complaint opens with the following words :   "The undersigned, the Hawaiian· Government, by Clarence W. Ashford, Attorney-General of the Kingdom, plaintiff herein, complains" etc., and is signed :   "The Hawaiian Government by Clarence W. Ashford, Attorney-General, by A. P. Peterson, plaintiff's attorney."   The complaint is sworn by A. P. Peterson "as attorney for and on behalf of the plaintiff."

The decision appealed from, overruling the plea in abatement, is as follows :

"This suit is brought in the form required by the statute of 1888. The plaintiff is the Hawaiian Government by the Attorney-General. Though the complaint is attested by the oath of the attorney who acts for the Attorney-General, there is here no delegation of authority to one unauthorized by the statute to bring a suit. It is not as if the suit had been brought by the Hawaiian Government by A. P. Peterson, plaintiff's attorney.

"I do not see the necessity of the Attorney-General signing and swearing to every complaint of the Government in person, if indeed any oath is neeessary to such a complaint, where the action is brought by the Attorney-General, ex-officio. And there is nothing in the law to prevent the Attorney-General appearing by counsel in a civil action of the Government. Defendants in these cases ought to be assured that the suit was in fact instituted by the Government. In the case before me, the appearance of the Attorney-General on this plea is a sufficient assurance.

"This was the view taken by the Court in *Commonwealth vs. Conn. R. R. R. Co.*, 15 Gray, 447 : After the Attorney-General has appeared in the Court of Common Pleas and authorized the further prosecution of an action, there pending on appeal, commenced in the name of the Commonwealth in a Police Court, to recover a penalty, the defendant cannot object that the suit was instituted and prosecuted in the Police Court without the authority or knowledge of any public prosecutor.

"I therefore overrule the plea and the defendant may answer in ten days."

---

The case comes to us on the defendant's appeal from this decision.

It seems to us that the complaint is within the "Act to provide for the bringing of suits by or against the Hawaiian Government." The requirement of the statute in the case of a suit by the government, is that the Attorney-General may bring and maintain such suits and that they "shall be entitled in the

name of the Hawaiian Government by the Attorney-General of the Kingdom against the party or parties or thing sued as defendants or respondents."

Section 1099 of the Civil Code provides that every civil action, hereafter to be tried in any of the courts of record of this Kingdom, shall be commenced by petition, which petition shall be verified by the oath of the plaintiff, or some one in his behalf, deposing to the best of his knowledge and belief. Under this statute it has become a matter of accepted practice that attorneys at law may sign such petitions for their clients as well as verify them by oath. The law for bringing suits by the Hawaiian Government does not provide that the petition of the Hawaiian Government shall be signed and sworn by the Attorney-General, but simply that he is competent " to bring and maintain " such suits, and that they must be " entitled in the name of the Hawaiian Government by the Attorney-General of the Kingdom." As long as the latter requirement is observed, as we consider it has been in this case, the Attorney-General may bring the action through counsel according to the recognized practice, and such counsel, as in the case of other suitors, may sign the petition and verify it under oath in behalf of the plaintiff, but, also as in other cases, he may be required to show his authority.

It seems to us that this conclusion is strongly supported by our practice in regard to suits brought by guardians, as settled by the late case of *Meek vs. Aswan*, 7 Hawn, 750. The law requires that guardians shall demand and sue for debts due their wards, and appear for and represent them in all proceedings except where a guardian *ad litem* or next friend is appointed for that purpose. The decision in *Meek vs. Aswan* decided that suits brought by guardians on behalf of their wards must be entitled in the name of the wards, an exactly analogous status to that of suits by the Hawaiian Government under the statute, and yet it would hardly be contended that guardians may not bring and maintain their ward's actions through counsel as in the case of other litigants.

Upon these grounds as well as those set forth in the decision

appealed from, we confirm such decision, except as to the allowance to the defendant to answer in ten days, for it appears that the defendant since the decision appealed from filed his answer of the general issue. The case may therefore be placed on the calendar of cases for the present January Term.

*A. P. Peterson*, Deputy Attorney-General, for plaintiff.

*W. A. Whiting* and *F. M. Hatch*, for defendants.